# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **DAVID ALLEN DAVIS,** | : |
|    Debtor. | :  **Bankruptcy No. 06-22757-MBM** |
| ........................................................ | :........................................................ |
| **Charles O. Zebley, Jr., Trustee,** | : |
|    Movant, | :  **Chapter 7** |
| | : |
|    v. | : |
| | :  **Related to Doc. No. 18** |
| **David Allen Davis,** | : |
|    Respondent. | : |

Appearances:  Charles O. Zebley, Jr., for the Trustee.
       Paul W. Johnson, for David Allen Davis.

## MEMORANDUM OPINION

Charles Zebley, the Chapter 7 Trustee for the instant debtor (hereafter "the Trustee"), objects to the exemption of residential realty by such debtor, David Allen Davis (hereafter "the Debtor"). The Court shall overrule such exemption objection.

## STATEMENT OF FACTS

The Debtor has exempted realty that, as of the date that he filed for bankruptcy (i.e., June 19, 2006), constituted his residence (hereafter "the Residence"). The Debtor acquired the Residence with his wife as tenants by the entirety. The Debtor exempts the Residence pursuant to 11 U.S.C. § 522(b)(3)(B), which statutory provision allows a debtor to exempt entireties property so held immediately prior to the commencement of a bankruptcy case to the extent that it is exempt from process under applicable nonbankruptcy law, *see* 11 U.S.C.A. § 522(B)(3)(B) (West 2006).

The Trustee objects to such exemption of the Residence by the Debtor. The basis for the Trustee's exemption objection is (a) that, as of the date of the Debtor's bankruptcy petition filing, a divorce action was pending between the Debtor and his wife, (b) that the Residence consequently was then held *in custodia legis* by the Pennsylvania state court that presides over the divorce action, (c) that the filing of such divorce action, according to the Trustee, immediately terminated the tenancy by the entirety that had existed between the Debtor and his wife, and (d) that the Debtor, according to the Trustee, consequently did not, as of June 19, 2006, own the Residence with his wife as tenants by the entirety. The Debtor contests such exemption objection by the Trustee, arguing instead that (a) a tenancy by the entirety, as a matter of law, is not fractured until the formal entry of a divorce decree by the relevant court, and (b) a divorce decree has yet to be entered between himself and his wife, let alone one dated prior to June 19, 2006.

The Court held a hearing on the Trustee's exemption objection on September 19, 2006. For the reasons set forth below, the Court overrules the Trustee's exemption objection, which means that the Debtor may exempt the Residence in the fashion that he has, that is pursuant to § 522(b)(3)(B).

## **DISCUSSION**

The formal argument by the Trustee in support of his exemption objection, that is that the filing of the aforementioned divorce action terminated the tenancy by the entirety between the Debtor and his wife so that, as of the date of the Debtor's bankruptcy petition filing, the Residence no longer constituted entireties

2

property that could be exempted in bankruptcy via § 522(b)(3)(B), is resolved easily enough. "A tenancy by the entirety is 'severed' upon entry of the divorce decree," In re Denillo, 309 B.R. 866, 871 (Bankr.W.D.Pa. 2004) (citing Keystone Savings Association v. Kitsock, 633 A.2d 165, 168 (Pa.Super.Ct. 1993)), not at some point prior to the entry of such decree such as, for instance, when a divorce action is first commenced; such is the case regardless of the fact that property subject to a tenancy by the entirety is held *in custodia legis* upon the commencement of a divorce action. Because a divorce decree between the Debtor and his wife has yet to be handed down by the relevant state court, the tenancy by the entirety between the Debtor and his wife necessarily existed as of the date upon which he filed for bankruptcy, thereby compelling a holding by this Court that the Residence, as of such date, constituted entireties property that the Debtor may exempt via § 522(b)(3)(B).

Having dispensed with the formal argument made by the Trustee, the Court feels obligated to address an additional argument perhaps implicitly made by the Trustee in the course of his exemption objection. The Trustee points out that the Debtor, by virtue of his right to equitable distribution via the pending divorce action between him and his wife (which right, because it existed as of June 19, 2006, constitutes property of the Debtor's bankruptcy estate), may ultimately, at some future date, receive a distribution of the Residence titled then in a fashion that will necessarily be other than by tenancy by the entirety. By so arguing, the Trustee raises the issue of whether such future distribution of the Residence, which distribution would also arguably result in the receipt of property

3

by the Debtor that constitutes bankruptcy estate property via 11 U.S.C. § 541(a)(5) & (6),[1] would operate to nullify the Debtor's earlier exemption of the Residence as entireties property via § 522(b)(3)(B). The Court resolves such issue in the negative and supports such decision by holding, in turn, that (a) the Debtor, by virtue of any future equitable distribution of the Residence in his favor, would thereby only obtain property that (i) he already owned and has owned as of June 19, 2006 (i.e., the Debtor owned the whole, rather than just some part, of the Residence on June 19, 2006, by virtue of titling such ownership as tenants by the entirety), (ii) thus already became property of his bankruptcy estate on June 19, 2006, and (iii) he has already successfully exempted from such bankruptcy estate via § 522(b)(3)(B), *see* In re Martin, 269 B.R. 119, 122 (Bankr.M.D.Pa. 2001) (similar holding therein with respect to post-petition distribution by way of

---

[1] 11 U.S.C. § 541(a)(5) & (6) provide, in pertinent part, that a debtor's bankruptcy estate is comprised of, *inter alia*,

    (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date —

    ...

    (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; ...

    ...

    (6) Proceeds, product, offspring, rents, or profits of or from property of the estate ....

11 U.S.C.A. § 541(a)(5) & (6) (West 2004).

divorce settlement of property held as tenants by the entirety pre-petition, pre-divorce, and which had already been successfully exempted as entireties property; also noting the uniqueness of entireties property, the whole of which is held by a debtor prior to any family court distribution), (b) the application of § 541(a)(5) & (6) to any such future equitable distribution to the Debtor would thus not result in the receipt of new or additional property by either the Debtor or, consequently, the Debtor's bankruptcy estate and the Trustee, *see* Id., and (c) any future post-petition change in the manner in which the Residence might be titled in the Debtor's name would not, in any event, operate to negate the Debtor's present exemption of the Residence via § 522(b)(3)(B), *see* Id. at 122-23 ("'a postpetition change in the character of property [(i.e., how such property is titled)] properly claimed as exempt will not change the [exempt] status of that property,'" particularly given that (a) "exemptions are determined as of the date of filing [for bankruptcy]," (b) "the exemption section of the [Bankruptcy C]ode [(i.e., § 522)] trumps that section [thereof] describing the parameters of property of the estate [(i.e., § 541, including, in particular, § 541(a)(5) & (6))]," and (c) 11 U.S.C. § 522(c) provides that "'property exempted under this section [(i.e., § 522)] is not liable *during or after* the case for any [pre-petition] debt of the debtor,'" which means that property properly exempted by a debtor can never be obtained by a bankruptcy trustee for the benefit of pre-petition creditors at some point subsequent to such exemption regardless of, for instance, a subsequent change in the fashion in which title to such property is held by such debtor).

## **CONCLUSION**

5

In light of the foregoing analysis, the Court overrules the Trustee's exemption objection, which means that the Debtor may exempt the Residence pursuant to § 522(b)(3)(B).

An appropriate order will be entered.

                                              **BY THE COURT**

                                              _/s/_____
                                              **M. BRUCE McCULLOUGH,**
                                              **U.S. Bankruptcy Judge**

**DATED:     November 27, 2006**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **DAVID ALLEN DAVIS,** | : |
| Debtor. | : **Bankruptcy No. 06-22757-MBM** |
| | : |
| Charles O. Zebley, Jr., Trustee, | : |
| Movant, | : **Chapter 7** |
| | : |
| v. | : |
| | : **Related to Doc. No. 18** |
| David Allen Davis, | : |
| Respondent. | : |

## ORDER OF COURT

**AND NOW,** this **27th day** of **November, 2006**, upon consideration of the objection by Charles Zebley, the Chapter 7 Trustee for the instant debtor (hereafter "the Trustee"), to the exemption of residential realty by such debtor, David Allen Davis (hereafter "the Debtor"); and for the reasons set forth in the accompanying Memorandum Opinion of the same date; and after notice and a hearing on the matter held on September 19, 2006, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the Trustee's exemption objection is **OVERRULED**, which means that the Debtor may exempt such residential realty pursuant to § 522(b)(3)(B).

        **BY THE COURT**

        /s/
        **M. BRUCE McCULLOUGH,**
        **U.S. Bankruptcy Judge**

cm:   Paul W. Johnson, Esq.
       Charles O. Zebley, Jr., Esq.